Per Curiam.
Respondent was admitted to practice by this Court in 1988. He maintains an office for the practice of law in the City of Albany, Albany County.
On November 30, 2012, respondent was convicted by a jury in the United States District Court for the Northern District of New York of, among other crimes, conspiracy and filing false statements in violation of 18 USC §§ 371 and 1014, respectively. The convictions arose out of respondent’s role in a scheme to defraud financial institutions, which involved the submission of falsified mortgage closing documentation to the Department of Housing and Urban Development.
Petitioner moves pursuant to Judiciary Law § 90 (4) (f) to suspend respondent from the practice of law based upon his conviction of a serious crime, until such time as a final order of discipline is entered after respondent is sentenced in federal court (see Judiciary Law § 90 [4] [g]). Respondent opposes the motion, requesting that the matter be held in abeyance pending such sentencing.
We grant petitioner’s motion. Respondent has been convicted of serious crimes as defined in Judiciary Law § 90 (4) (d) and his interim suspension is directed (see Judiciary Law § 90 [4] [f|; Matter of Daly, 20 AD3d 762 [2005]; Matter of Cecil, 188 AD2d 831 [1992]).
Peters, PJ., Rose, Spain and Garry, JJ., concur. Ordered that *1188 petitioner’s motion is granted; and it is further ordered that respondent is suspended from the practice of law, effective immediately, pursuant to Judiciary Law § 90 (4) (f), until such time as a final disciplinary order is made pursuant to Judiciary Law § 90 (4) (g), and until further order of this Court; and it is further ordered that, for the period of his suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court’s rules regulating the conduct of suspended attorneys (see 22 NYCRR 806.9).